1  KILPATRICK TOWNSEND & STOCKTON LLP
   DAVID K. CAPLAN (Bar No. 181174)
2  *dcaplan@kilpatricktownsend.com*
   Caroline Y. Barbee (Bar No. 239343)
3  *cbarbee@kilpatricktownsend.com*
   9720 Wilshire Blvd, Penthouse Suite
4  Beverly Hills, California  90212
   Telephone:  (310) 248-3830
5  Facsimile:   (310) 860-0363

6  KILPATRICK TOWNSEND & STOCKTON LLP
   ROBERT POTTER (*Pro Hac Vice* Application Pending)
7  *rpotter@kilpatricktownsend.com*
   OLIVIA HARRIS (*Pro Hac Vice* Application Pending)
8  *oharris@kilpatricktownsend.com*
   The Grace Building
9  1114 Avenue of the Americas
   New York, New York  10036
10 Telephone:  (212) 775-8700
   Facsimile:   (212) 775-8800
11
   Attorneys for Plaintiffs
12 L'ORÉAL USA CREATIVE, INC. AND
   L'ORÉAL USA, INC.

13

14                    **UNITED STATES DISTRICT COURT**

15            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16                        **WESTERN DIVISION**

17 **L'OREAL USA CREATIVE, INC.**          **CASE NO.:** CV 16-08673-FMO-FFMx
   and
18 **L'ORÉAL USA, INC.**,                  **COMPLAINT FOR:**

19         Plaintiffs,                     **(1)** **Federal Trademark**
                                               **Counterfeiting and Infringement**
20       v.                                    **(15 U.S.C. § 1114);**

21 **MAGGY TSUI**, individually and d/b/a   **(2)** **Federal Unfair Competition (15**
   **MADAMESKINCARE, LOUIS LIN**,              **U.S.C. § 1125(a));**
22 individually and d/b/a **SKINCARE3**,
   **MICHAEL LEE**, individually and        **(3)** **State Unfair Competition (Cal.**
23 d/b/a **SAKURAMARKET, TERESA**              **Bus. & Prof. Code §§ 17200** *et*
   **TSAI** and **AARON LI**, individually      *seq.***); and**
24 and d/b/a **TREASURESGALORE45**,
   **MICHAEL LEE, AKINA MUKAI**,           **(4)** **Common Law Trademark**
25 and **MAGGIE TSUI**, individually and       **Infringement and Unfair**
   d/b/a **GRASSLIMA**, and **DOES 1-10**     **Competition**
26 acting in concert with them,
                                            **JURY TRIAL DEMANDED**
27         Defendants.
                                            **FILED UNDER SEAL PURSUANT**
28                                          **TO ORDER OF THE COURT**
                                            **DATED**

COMPLAINT
CASE NO.

FILED
CLERK, U.S. DISTRICT COURT

11/22/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT

11/21/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

1       Plaintiffs L'Oréal USA Creative, Inc. ("L'Oréal Creative")  and L'Oréal

2   USA, Inc. ("L'Oréal USA") (collectively, "L'Oréal"), by their attorneys Kilpatrick

3   Townsend & Stockton LLP, state the following for their Complaint against Maggy

4   Tsui, individually and d/b/a MadameSkincare; Louis Lin, individually and d/b/a

5   Skincare3; Michael Lee, individually and d/b/a Sakura Market; Teresa Tsai and

6   Aaron Li, individually and d/b/a TreasuresGalore45; Michael Lee, Akina Mukai,

7   and Maggie Tsui, individually and d/b/a Grasslima; and Does 1 through 10 acting in

8   concert with them (collectively, "Defendants"):

9                      **SUBSTANCE OF THE ACTION**

10       1.    L'Oréal seeks injunctive and monetary relief against Defendants' acts of

11   trademark counterfeiting, infringement, and unfair competition in violation of the

12   Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051 *et seq.*, and

13   California statutory and common law.

14       2.    L'Oréal is among the most famous and respected producers of skin care

15   products in the United States, with a long history of selling products of the highest

16   level of quality, including through its SKINCEUTICALS® brand (among many

17   others). L'Oréal's SKINCEUTICALS brand offers a complete line of advanced skin

18   care products and solutions which have earned a reputation for delivering high

19   quality, scientifically backed results. SKINCEUTICALS products are sold directly to

20   consumers through medical professionals (such as dermatologists and plastic

21   surgeons), "medi-spas," and other professionals in the skin care industry.

22   SKINCEUTICALS products also are available online at *skinceuticals.com* and

23   through authorized online resellers.

24       3.    Defendants are not authorized resellers of any of L'Oréal's products.

25       4.    L'Oréal has recently discovered that Defendants are using storefronts at

26   the Amazon Marketplace (at *amazon.com*) to market and sell skin care products

27   bearing trademarks that are identical to, substantially indistinguishable from, or

28   otherwise confusingly similar to L'Oréal's registered SKINCEUTICALS trademark

- 2 -

COMPLAINT

and other registered marks used on L'Oréal's SKINCEUTICALS line of products (collectively, the "SKINCEUTICALS Marks").

5. Defendants are falsely representing to the public that their offerings are new, genuine SKINCEUTICALS skin care products—including by representing them as being "by SkinCeuticals"—when in fact Defendants' liquids, gels, and sera are counterfeit and are materially different from the genuine articles.

6. On information and belief, Defendants are operating related enterprises and are acting in concert with one another.

7. Because Defendants sell their counterfeit goods over the internet, customers are able to discover the fraud, if at all, only after paying for, receiving and opening Defendants' packaging. Worse, customers who are less familiar with L'Oréal's SKINCEUTICALS products may discover the fraud only after applying Defendants' products to their skin. Of course, some customers may never discover the fraud, and instead will falsely believe that the cheap imitations they purchased from Defendants are representative of L'Oréal's genuine SKINCEUTICALS products.

8. Defendants are well aware of L'Oréal's rights in its SKINCEUTICALS Marks, and Defendants' conduct is willful. Indeed, Defendants have continued to sell counterfeit SKINCEUTICALS products despite Amazon terminating one of their seller accounts and suspending three others, all based on customer complaints indicating the products were counterfeit. In response to these suspensions, the affected Defendants provided Amazon with fraudulent, doctored invoices meant to deceive Amazon into believing the products were genuinely sourced from L'Oréal, when of course they were not. On information and belief, another of the Defendants, Louis Lin, was arrested in 1998 and charged with criminal trademark counterfeiting, to which he pled *nolo contendere* and was sentenced in 1999.

9. All of the Defendants are passing off their counterfeit goods to the unsuspecting public under L'Oréal's registered SKINCEUTICALS Marks in a

COMPLAINT

1  deliberate, bad faith effort to trade on the goodwill and prestige of those marks, each

2  of which acts as a source identifier for L'Oréal and its premium SKINCEUTICALS

3  products. By intentionally generating consumer confusion and unfairly competing

4  with L'Oréal's genuine SKINCEUTICALS products, Defendants are eroding the

5  substantial goodwill, value, and public recognition that L'Oréal has developed in its

6  SKINCEUTICALS Marks as connoting premium skin care solutions of the highest

7  quality. Moreover, given the nature of the products at issue—topical liquids, gels, and

8  sera applied directly to the skin—Defendants' counterfeit goods pose a potential

9  health and safety risk to consumers.

10      10.     By and through these deliberate, willful, and malicious acts, Defendants

11  are depriving L'Oréal of the ability to control the quality of the products bearing

12  L'Oréal's SKINCEUTICALS Marks, thus causing immediate and irreparable harm to

13  L'Oréal and the public. Further, on information and belief, Defendants have

14  generated substantial revenue as a result of their use of L'Oréal's SKINCEUTICALS

15  Marks in connection with their counterfeit goods.

16      11.     Accordingly, L'Oréal brings this action for federal trademark

17  counterfeiting and infringement under Section 32 of the Lanham Act, 15 U.S.C. §

18  1114; federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §

19  1125(a); state unfair business practice under Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

20  and trademark infringement and unfair competition under common law. L'Oréal

21  seeks, on an *ex parte* basis, a temporary restraining order, an order to show cause re:

22  preliminary injunction, a seizure order, and expedited discovery; and also seeks

23  preliminary and permanent injunctive relief, as well as compensatory, exemplary, and

24  punitive damages.

25                                    **PARTIES**

26      12.     Plaintiff L'Oréal Creative is a corporation organized and existing under

27  the laws of the State of Delaware and having its principal place of business at 10

28  Hudson Yards, New York, New York 10001. It is the owner of certain intellectual

- 4 -

COMPLAINT

property rights that it licenses exclusively to Plaintiff L'Oréal USA, Inc. in the United States, including the trademarks at issue.

13.     Plaintiff L'Oréal USA, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 10 Hudson Yards, New York, New York 10001. It is the exclusive licensee of L'Oréal Creative in the United States. It markets skin care, sun care, cosmetics, perfumes and hair care products throughout the United States, including products sold under the SKINCEUTICALS brand.

14.     On information and belief, Defendant Maggy Tsui is an individual citizen of the State of California who resides and/or does business at 1522 Lancewood Avenue, Hacienda Heights, California 91745 and does business in this District, including as "MadameSkincare."

15.     On information and belief, Defendant Louis Lin is an individual citizen of the State of California who resides and/or does business at 14271 Walnut Creek Drive, Chino Hills, California 91709 and does business in this District, including as "Skincare3."

16.     On information and belief, Defendant Michael Lee is an individual citizen of the State of California who does business in this District, including as "SakuraMarket," and may reside at 6316 Golden West Avenue, Temple City, California 91780.  Mr. Lee is also registered with the State of California as the agent for service of process for Global Messenger, Inc., a California corporation with an address at 9659 Las Tunas Drive, Temple City, California 91780. On information and belief, Mr. Lee does business at this address.

17.     On information and belief, Defendants Teresa Tsai and Aaron Li are individual citizens of the State of California who do business in this District, including as "TreasuresGalore45," and may reside or do business at 923 East Valley Boulevard, Suite 208, San Gabriel, California 91776 or at 17474 Colima Road, Rowland Height, California 91748.

COMPLAINT

18.     On information and belief, Defendants Michael Lee, Akina Mukai, and Maggie Tsui are individual citizens of the State of California who do business in this District, including as "Grasslima," and may reside or do business at 6316 Golden West Avenue, Temple City, California 91780 or 1522 Lancewood Avenue, Hacienda Heights, California 91745, and who may do business at 9659 Las Tunas Drive, Temple City, California 91780.

19.     On information and belief, Defendant Does 1 through 10 are entities and individuals whose identities and addresses are presently unknown to L'Oréal and are not presently capable of ascertainment, but who have offered to sell or have sold, or are offering to sell or are selling, goods that infringe L'Oréal's intellectual property rights, both in this District and on the internet, and accordingly are subject to the jurisdiction and venue of this Court.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over L'Oréal's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

21.     This Court has personal jurisdiction over all Defendants because all Defendants (a) market, distribute, offer for sale, and sell goods that infringe L'Oréal's intellectual property within the State of California; (b) regularly transact and conduct business within the State of California; and (c) have otherwise made or established contacts with the State of California sufficient to permit the exercise of personal jurisdiction.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to L'Oréal's claims occurred in this District. Venue also is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because, on information and belief, all Defendants reside or do business in this District and/or the State of California.

- 6 -

COMPLAINT

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    L'Oréal and the SKINCEUTICALS Brand

23.    Since its founding in 1997, SkinCeuticals, Inc. has become known as an innovator in the skin care field by using technology (including patented technology) to deliver superior skin care results. Its mission was and is to provide advanced skin care products backed by science.  Its groundbreaking products, which represent the culmination of more than a decade of research, provide medical and skin care professionals and consumers with previously unavailable combinations of powerful antioxidants at high concentrations, each specifically intended for use on the skin.

24.    In 2005, SkinCeuticals, Inc. was acquired by L'Oréal, and the SKINCEUTICALS line of products is now distributed globally by the largest beauty company in the world.

25.    The SKINCEUTICALS brand represents L'Oréal's commitment to the highest level of innovation, performance, and quality, as well as an abiding dedication to providing advanced skin care backed by science—*i.e.*, to "PREVENT," "PROTECT," and "CORRECT." That unwavering commitment has helped make L'Oréal and its SKINCEUTICALS brand leaders in the skin care field, both in the United States and abroad. L'Oréal has devoted substantial resources to funding research at major medical institutions to support the technology and develop the formulae behind SKINCEUTICALS products. The key ingredients in SKINCEUTICALS products are all professional quality, and the studies performed on core SKINCEUTICALS products are peer reviewed.

26.    L'Oréal has made a substantial investment in brand protection and in controlling the quality of the products containing its SKINCEUTICALS Marks. Its quality control measures include, without limitation, imprinting packaging with unique covert and overt Anti-Diversion/Quality Assurance codes to fight counterfeiting, theft, and diversion (discussed in more detail below, *see* ¶ 77); randomly testing products while the production lines are running; carefully selecting

- 7 -

1   and monitoring its authorized online retailers and distributors; and using tamper-

2   resistant packaging.

3       27.    L'Oréal distributes its SKINCEUTICALS products through limited and

4   tightly controlled sales channels.  SKINCEUTICALS products are made available to

5   consumers nationwide through medical professionals (such as dermatologists and

6   plastic surgeons), spas and resorts, and other professionals in the skin care industry.

7   Products bearing the SKINCEUTICALS Marks are sold to consumers over the

8   internet at skinceuticals.com and through authorized online retailers at

9   *astonishingskincare.com, blissworld.com, bluemercury.com, dermstore.com,*

10   *lovelyskin.com, skincarerx.com, and skinstore.com.* L'Oréal is careful in choosing its

11   distributors because they are often the public face of L'Oréal's SKINCEUTICALS

12   brand, and have the skill and expertise to recommend appropriate SKINCEUTICALS

13   products based on a customer's particular skin care needs.

14       28.    L'Oréal does not sell its SKINCEUTICALS products through

15   Amazon.com or the Amazon Marketplace, nor does it authorize its distributors to do

16   so.

17       29.    L'Oréal has consistently packaged and marketed its products in such a

18   way as to distinguish those products from L'Oréal's competitors and identify L'Oréal

19   as the source of those products. All packaging for L'Oréal's SKINCEUTICALS

20   products prominently bears the SKINCEUTICALS mark, as well as another

21   trademark identifying the specific product.  These include products bearing one or

22   more of the following registered trademarks:  SKINCEUTICALS®, C E

23   FERULIC®, PHLORETIN CF®, PHYTO +® and SKINCEUTICALS

24   HYDRATING B5 GEL®. Each of the products bearing those marks has achieved

25   popular and critical success in the highly-competitive skin care industry, and has

26   helped L'Oréal remain a leader in the field.

27       30.    L'Oréal's SKINCEUTICALS products have become widely known for

28   providing effective skin care solutions. Since 2005 alone, L'Oréal has invested tens

COMPLAINT

of millions of dollars in promoting and advertising its SKINCEUTICALS products, including through print, video, and online advertising, as well as participation in industry conference and advisory panels. L'Oréal also promotes its products through its SKINCEUTICALS website at *skinceuticals.com*, which receives more than two million annual visitors. All of these promotional efforts, like the products and packaging themselves, prominently bear or include the SKINCEUTICALS mark.

31.     Due in large part to the extraordinary results they produce, L'Oréal's SKINCEUTICALS products have achieved great commercial success and high levels of recognition among consumers and the trade.  In the years since 2005, when L'Oréal acquired the brand, tens of millions of units of SKINCEUTICALS products have been sold, generating hundreds of millions of dollars in gross revenue, and L'Oréal's SKINCEUTICALS products have received more than a hundred industry awards.

32.     In the minds of consumers, L'Oréal's SKINCEUTICALS Marks symbolize a line of premium products having the highest level of quality, backed by scientific studies and achieving professional results. Those marks also identify and distinguish L'Oréal as the single source of those products. Through its continuous, substantially exclusive, and lengthy use of its SKINCEUTICALS Marks, L'Oréal has developed substantial goodwill, value and recognition in those marks.

**B.     L'Oréal Creative's U.S. Trademark Registrations**

33.     In addition to the common law rights L'Oréal has developed through use of the SKINCEUTICALS Marks, L'Oréal Creative is the owner of a federal registration for each of the following trademarks (collectively, the "Registered Marks"), among others:

- SKINCEUTICALS (U.S. Reg. No. 2,156,487)
- SKINCEUTICALS HYDRATING B5 GEL (U.S. Reg. No. 2,930,299)
- C E FERULIC (U.S. Reg. No. 3,497,589)
- PHLORETIN CF (U.S. Reg. No. 3,574,640)

- 9 -

1       •    PHYTO + (U.S. Reg. No. 4,067,122)

2       True and correct copies of the foregoing registration certificates, along with

3   the status page for each registration (found at *uspto.gov*), are attached hereto as

4   **Exhibit A**.

5       34.    L'Oréal Creative's registration certificates for the SKINCEUTICALS,

6   SKINCEUTICALS HYDRATING B5 GEL, C E FERULIC, and PHLORETIN CF

7   marks have become incontestable pursuant to Section 15 of the Lanham Act, 15

8   U.S.C. § 1065, and therefore, pursuant to Section 33(b), 15 U.S.C. § 1115(b), those

9   registrations are conclusive evidence of the validity of the registered marks and of the

10   registration of the marks, of L'Oréal Creative's ownership of the marks, and of

11   L'Oréal Creative's exclusive right to use the registered marks in commerce on or in

12   connection with the specified goods.

13       35.    Pursuant to Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a),

14   L'Oréal Creative's registration certificate for PHYTO + is *prima facie* evidence of

15   the validity of the registered mark and of the registration of the mark, of L'Oréal

16   Creative's ownership of the mark, and of L'Oréal Creative's exclusive right to use the

17   registered mark in commerce on or in connection with the goods specified in the

18   registration.

19   **C.    Defendants' Marketing and Sale of Counterfeit Versions of L'Oréal's SKINCEUTICALS Products**

20

21       36.    Despite L'Oréal's established trademark rights, and with actual or

22   constructive knowledge of those rights, Defendants were and are promoting,

23   distributing, offering for sale, and selling goods bearing trademarks and other indicia

24   that are identical to, substantially indistinguishable from, or otherwise confusingly

25   similar to L'Oréal's Registered Marks. Defendants' counterfeit goods are identical in

26   type to those listed in L'Oréal's registrations.

27       37.    Defendants' counterfeit goods have not been manufactured, licensed,

28   authorized, sponsored, endorsed, or approved by L'Oréal, and Defendants are not

COMPLAINT

associated, affiliated, or connected with L'Oréal, or licensed, authorized, sponsored, endorsed, or approved by L'Oréal in any way.

38.     Beginning in or about May 2016, L'Oréal USA discovered that certain individuals were using storefronts at the Amazon Marketplace to market and sell skin care products advertised as genuine products offered by L'Oréal under its SKINCEUTICALS brand.  These products bore packaging and trademarks essentially identical to genuine SKINCEUTICALS products but, because L'Oréal only allows sales of its SKINCEUTICALS products through authorized distributors (and never on Amazon), and because these storefronts had received a number of customer complaints, L'Oréal suspected these products had quality assurance issues and were either old and outdated, stolen, or counterfeit.

39.     As discussed in the following paragraphs, L'Oréal began to investigate and arrange for test purchases from these suspect sellers, each of whom has been named a Defendant in this action.

### Defendant Maggy Tsui d/b/a MadameSkincare

40.     Defendant Maggy Tsui ("Tsui") has maintained a storefront on the Amazon Marketplace under the name "MadameSkincare" as well as a Facebook page (@MadameSkincare) on which she advertises her product offerings. According to Tsui's Facebook page, MadameSkincare operates out of Chino Hills, California.

41.     L'Oréal became aware of Tsui's MadameSkincare storefront in or about May, 2016, after which L'Oréal began making test purchases from the storefront.

42.     Between April 20, 2016 and September 20, 2016, L'Oréal's Brand Protection team purchased 36 products from Tsui's Amazon storefront. Each of those products purported to be one of three different items from L'Oréal's SKINCEUTICALS line:  (1)  C E FERULIC (30 mL); (2) PHLORETIN CF (30 mL); (3) PHYTO + (30 mL); and (4) HYDRATING B$_5$ GEL (30 mL).  L'Oréal subsequently determined that all of these products were counterfeit, as discussed further below (*see* ¶¶ 75-79).

COMPLAINT

43. Most of the products that L'Oréal purchased from Tsui were delivered in packaging indicating a return address of 17128 Colima Road, #528, Hacienda Heights, California 91745, which corresponds to a location of The UPS Store, a packaging and shipping facility. Others indicated a return address associated with an Amazon Fulfillment Center in Kentucky.

44. Certain consumers have posted public comments to the Amazon website regarding the alleged SKINCEUTICALS products they purchased from Tsui, indicating these consumers are dissatisfied with or confused about the products they received. On or about March 30, 2016, for example, a customer posted a complaint on Amazon.com reading:

> ***MADAME SKINCARE IS A FRAUD! FAKE PRODUCT!! DO NOT PURCHASE FROM THE SELLER!!*** I have ordered SkinCeuticals C E Ferulic from Amazon before as well as a local SkinCeuticals distributor and what I just received today is NOT the real product. The bottle I received already had a dropper in it. NOTE: this product usually has the dropper included in the box but not in the bottle itself. Also, the label is not the same size as the label on the real product, the dropper is not the same either but most importantly the chemical in the bottle does not resemble or smell like the real product. I am disgusted that someone would go through so much trouble to make it look real by sealing the bottle and the box. I can see how this would be misleading to someone who has never used this product. WATCH OUT!!! THERE'S NO TELLING WHAT YOU ARE ACTUALLY PUTTING ON YOUR FACE. I love SkinCeuticals but will NEVER purchase from this seller again. DO NOT PURCHASE FROM MADAME SKINCARE!!

Another customer posted the following on or about September 20, 2015:

> **Be wary of the seller you purchase from**. I love the CE Ferulic Product but I'm really leery as to whether what I received was the legit product. . . . I received something that was very clearly NOT the real thing (from seller madame skincare). It wasn't the right color, odor or packaging. . . . This time what I received has the right odor and packaging but the coloring and consistency is different. It seems like it's a diluted version. I could be wrong and perhaps this product can vary slightly based on age. Either way - I'm just not sure. I do like the product and *believe* it to work well.

45. On information and belief, and in response to this and other customer complaints regarding counterfeit or defective merchandise, Amazon suspended Tsui's account and selling privileges in April 2016 (without L'Oréal's knowledge). At that

COMPLAINT

1   time, Amazon asked Tsui to provide it with evidence that the SKINCEUTICALS

2   products offered through the MadameSkincare storefront were genuine. On

3   information and belief, Tsui provided Amazon with one or more invoices containing

4   a facsimile of the SKINCEUTICALS mark and purporting to be from L'Oréal.

5   L'Oréal has recently reviewed one of these invoices and confirmed that it is

6   fraudulent.

7       46.     Amazon, unaware at that time that the invoices were fraudulent,

8   accepted them as valid evidence and reinstated Tsui's account and selling privileges

9   in May 2016.  Tsui subsequently continued to sell counterfeit SKINCEUTICALS

10  products through her MadameSkincare storefront, as confirmed by L'Oréal's test

11  purchases.

12      47.     On information and belief, Tsui is acting in concert with one or more of

13  the Defendants in this Action.

14              **Defendant Louis Lin d/b/a Skincare3**

15      48.     Defendant Louis Lin ("Lin") has maintained a storefront on the Amazon

16  Marketplace under the name "Skincare3."

17      49.     On information and belief, Lin was convicted of criminal trademark

18  counterfeiting in California in 1998.

19      50.     L'Oréal became aware of Lin's Skincare3 storefront in or about May,

20  2016, after which  L'Oréal began making test purchases from the storefront.

21      51.     Between April 12, 2016 and September 21, 2016, L'Oréal's Brand

22  Protection team purchased 17 products from Lin's Amazon storefront. Each of those

23  products purported to be one of five different items from L'Oréal's

24  SKINCEUTICALS line:   (1) C E FERULIC (30 mL); (2) PHLORETIN CF (30 mL);

25  (3) PHLORETIN CF GEL (30 mL); (4) PHYTO + (30 mL); and (5) HYDRATING

26  $B_5$ GEL (30 mL).  L'Oréal subsequently determined that all of these products were

27  counterfeit, as discussed further below (*see* ¶¶ 75-79).

28      52.     All but one of the products that L'Oréal purchased from Lin were

COMPLAINT

1    delivered in packaging indicating a return address of 713 W. Duarte Road, #G861,

2    Arcadia, California 91007, which corresponds to a location of The UPS Store.  The

3    other indicated a return address associated with an Amazon Fulfillment Center in

4    Nevada.

5        53.    Certain consumers have posted public comments to the Amazon website

6    regarding the alleged SKINCEUTICALS products they purchased from Lin,

7    indicating these consumers are dissatisfied with or confused about the products they

8    received.  On or about January 5, 2016, for example, a customer posted a complaint

9    on Amazon.com reading:

10       **It's almost like they bottled water up & sealed it**.  BUYER
         BEWARE!!! . . . The liquid is clear, so thin & hardly any smell. It's
11       almost like they bottled water up & sealed it. I have no doubt that it's the
         seller Skincare 3 & not SkinCeuticals! I will not be buying anything
12       from Skincare3 seller again!!

13       54.    On information and belief,  and in response to this and other customer

14    complaints regarding counterfeit or defective merchandise,  Amazon suspended Lin's

15    account and selling privileges in May 2016 (without L'Oréal's knowledge).  At that

16    time, Amazon asked Lin to provide it with evidence that the SKINCEUTICALS

17    products offered through the Skincare3 storefront were genuine. On information and

18    belief, Lin provided Amazon with one or more invoices containing a facsimile of the

19    SKINCEUTICALS mark and purporting to be from L'Oréal. L'Oréal has recently

20    reviewed one of these invoices and confirmed that it is fraudulent.

21       55.    Amazon, unaware that the invoices were fraudulent, accepted them as

22    valid evidence and reinstated Lin's account and selling privileges in June 2016.  Lin

23    subsequently continued to sell counterfeit SKINCEUTICALS products through his

24    Skincare3 storefront, as confirmed by L'Oréal's test purchases.

25       56.    Notably, the fraudulent invoices provided to Amazon by Lin identified

26    the same fraudulent addressee as in the invoices provided to Amazon by Defendant

27    Tsui, as discussed in paragraph 45, *supra*, suggesting these doctored invoices came

28    from a common source.

COMPLAINT

57.    On information and belief, Lin is acting in concert with one or more of the Defendants in this Action.

**Defendants Teresa Tsai and Aaron Li d/b/a TreasuresGalore45**

58.    Defendants Teresa Tsai ("Tsai") and Aaron Li ("Li") have maintained a storefront on the Amazon Marketplace under the name "TreasuresGalore45."

59.    L'Oréal became aware of Tsai and Li's TreasuresGalore45 storefront in or about August, 2016, after which  L'Oréal—on its own and through third-party investigators—began making test purchases from the storefront.

60.    Between August 25, 2016 and November 9, 2016, L'Oréal's Brand Protection team and its outside investigator purchased 21 products from Tsai and Li's Amazon storefront. Each of those products purported to be one of three different items from L'Oréal's SKINCEUTICALS line:  (1) C E FERULIC (30 mL); (2) PHLORETIN CF (30 mL); and (3) HYDRATING B$_5$ GEL (30 mL). L'Oréal subsequently determined that all of these products were counterfeit, as discussed further below (*see* ¶¶ 75-79).

61.    Most of the products that L'Oréal purchased from Tsai and Li  were delivered in packaging indicating a return address of 1005 East Las Tunas Drive, San Gabriel, California 91776, which corresponds to a location of The UPS Store. Others indicated return addresses associated with two different Amazon Fulfillment Centers in Kentucky.

62.    On information and belief, and in response to customer complaints regarding counterfeit or defective merchandise, Amazon suspended Tsai and Li's account and selling privileges in June 2016 (without L'Oréal's knowledge).  At that time, Amazon asked Tsai and Li to provide it with evidence that the SKINCEUTICALS products offered through the TreasuresGalore45 storefront were genuine. On information and belief, Tsai and Li provided Amazon with one or more invoices containing a facsimile of the SKINCEUTICALS mark and purporting to be from L'Oréal. L'Oréal has recently reviewed one of these invoices and confirmed

COMPLAINT

1    that it is fraudulent.

2        63.    Amazon, unaware at that time that the invoices were fraudulent,

3    accepted them as valid evidence and reinstated Tsai and Li's account and selling

4    privileges later in June 2016.  Tsai and Li subsequently continued to sell counterfeit

5    SKINCEUTICALS products through their TreasuresGalore45 storefront, as

6    confirmed by L'Oréal's test purchases.

7        64.    On information and belief, Tsai and Li are acting in concert with one or

8    more of the Defendants in this Action.

9                    **Defendant Michael Lee d/b/a Sakura Market**

10       65.    Defendant Michael Lee ("Lee") has maintained a storefront on the

11   Amazon Marketplace under the name "Sakura Market."

12       66.    L'Oréal became aware of Lee's Sakura Market storefront in or about

13   September, 2016, after which  L'Oréal—on its own and through third-party

14   investigators—began making test purchases from the storefront.

15       67.    Between September 21, 2016 and November 9, 2016, L'Oréal's Brand

16   Protection team and its outside investigator purchased 7 products from Lee's Amazon

17   storefront. Each of those products purported to be one of three different items from

18   L'Oréal's SKINCEUTICALS line:  (1) C E FERULIC (30 mL); (2) PHYTO + (30

19   mL); and (3) HYDRATING $B_5$ GEL (30 mL).  L'Oréal subsequently determined that

20   all of these products were counterfeit, as discussed further below (*see* ¶¶ 75-79).

21       68.    Lee is registered with the State of California as the agent for service of

22   process for Global Messenger, Inc., a mailbox and shipping facility with an address at

23   9659 Las Tunas Drive, Temple City, California 91780.  Lee is also the registrant of

24   the related domain name at *tcglobalmessenger.com*.

25       69.    Three of the products that L'Oréal purchased from Lee were delivered in

26   packaging indicating a return address of 9659 Las Tunas Drive, Temple City,

27   California 91780, which corresponds to the location of the Global Messenger mailbox

28   facility for which Lee is registered as agent for service of process. The other four

                                    - 16 -

COMPLAINT

1  products indicating return addresses associated with Amazon Fulfillment Centers in
2  Kentucky and Nevada.
3      70.    On information and belief, Lee is acting in concert with one or more of
4  the Defendants in this Action.
5  **Defendants Michael Lee, Maggie Tsui, and Akina Mukai d/b/a Grasslima**
6      71.    In or about September, 2016, based on information provided by
7  Amazon, L'Oréal became aware that Defendants Michael Lee, Maggie Tsui, and
8  Akina Mukai, and possibly others (collectively, the "Grasslima Defendants"),
9  formerly maintained a storefront on the Amazon Marketplace under the name
10  "Grasslima" that offered purportedly genuine SKINCEUTICALS products. On
11  information and belief, the Grasslima storefront and related seller account was
12  permanently blocked by Amazon in or about April 2014, after Amazon received
13  complaints from consumers that the purportedly genuine SKINCEUTICALS products
14  they purchased from the Grasslima Defendants were counterfeit, and after the
15  Grasslima Defendants failed to produce adequate evidence confirming that the
16  products were genuine.
17      72.    On information and belief, two or more of the Grasslima Defendants are
18  continuing to market and sell counterfeits of L'Oréal's SKINCEUTICALS products
19  and are acting in concert with one or more of the other Defendants in this Action.
20  **The Defendants Are Acting in Concert to Sell Counterfeit**
**SKINCEUTICALS Products**
21
22      73.    The evidence revealed in L'Oréal's investigation, including information
23  provided by Amazon, appears to confirm that Defendants are acting in concert to sell
24  counterfeit SKINCEUTIALS products.  Some or all of the Defendants have provided
25  Amazon with overlapping telephone numbers and credit card information, shipped
26  goods from the same specific mailing facilities, and/or previously worked together to
27  sell presumably counterfeit SKINCEUTICAL products through the Grasslima
28  storefront.  Moreover, two of the Defendants provided Amazon with essentially

- 17 -

COMPLAINT

identical fraudulent SkinCeuticals invoices, and one of these Defendants called himself by the name of another Defendant's storefront when communication with a customer.

74.     Among the specific facts indicating that Defendants are related and working in concert are the following:

(a)     Defendant Tsui was or is associated with both the MadameSkincare and Grasslima storefronts and Defendant Lee was or is associated with both the Sakura Market and Grasslima storefronts;

(b)     Defendants Tsui (MadameSkincare), Lee (SakuraMarket), and Tsai (TreasuresGalore45) provided Amazon with the same mailing address, which corresponds to the Global Messenger mailbox and shipping facility for which Defendant Lee is the registered agent for service of process and the registrant of the business's domain name.  This is the same address the Grasslima defendants (Tsui, Lee, and Mukai) provided Amazon when opening their now defunct account;

(c)     Defendant Lin (Skincare3) and the Grasslima defendants provided Amazon with, and Lin shipped numerous counterfeits from, an address at a UPS Store, in Arcadia, California, that is less than two miles away from the Global Messenger facility in Temple City used by or associated with all of the other Defendants;

(d)     the Global Messenger facility and the Arcadia UPS Store are less than five miles away from another UPS Store, in San Gabriel, California, from which Defendant Tsai and Li (TreasuresGalore45) shipped counterfeit SKINCEUTICALS products;

(e)     Defendant Tsui (MadameSkincare) has shipped products from a UPS Store in Hacienda Heights, California that is less than a mile from the address Defendant Li (TreasuresGalore45) provided Amazon when registering his account;

- 18 -

(f)    one of the contact telephone numbers and/or addresses provided to Amazon is the same as between the MadameSkincare and Grasslima storefronts, another is the same as between the Grasslima and Skincare3 storefronts, and another is the same as between the Sakura Market, TreasuresGalore45, and Grasslima storefronts;

(g)    one or more of the credit card numbers on file with Amazon for the various Amazon storefronts at issue is the same as between the MadameSkincare and Grasslima storefronts;

(h)    according to Amazon, the configuration of the computers and internet connections for the various Amazon storefronts at issue creates a strong likelihood that the Sakura Market and Grasslima storefronts were or are using the same computer to conduct business;

(i)    Defendants Tsui (MadameSkincare), Tsai and Li (TreasuresGalore45), and  Lin (Skincare3) all provided Amazon with similarly doctored SkinCeuticals invoices, and the invoices provided by the MadameSkincare and Skincare3 storefronts bear the same fraudulent addressee; and

(j)    the TreasuresGalore45 storefront referred to itself as "Skincare3" in a communication with a customer.

**D.    Defendants' SKINCEUTICALS Products are Plainly Counterfeit**

75.    L'Oréal purchased suspect SKINCEUTICALS products from Defendants of the following types, sizes, and quantities:

- C E FERULIC (30 mL) – 32 units;
- PHLORETIN CF (30 mL) – 23 units;
- PHLORETIN CF GEL (30 mL) – 1 unit;
- PHYTO + (30 mL) – 13 units; and
- HYDRATING B$_5$ GEL (30 mL) – 12 units.

L'Oréal has confirmed that each of these 81 products is counterfeit ("Defendants'

- 19 -

COMPLAINT

Counterfeit Products").

76.    Many of these products share in common the same indicia of counterfeiting, suggesting they come from a common source, and further indicating that Defendants are related and acting together to sell these products.

77.    One of the most obvious signs that Defendant's Counterfeit Products are counterfeit is that each lacks the overt and covert Anti-Diversion/Quality Assurance (AD/QA) codes that L'Oréal places on genuine versions of these (and other) products.  The overt AD/QA code is a visible barcode, while the covert code is invisible to the naked eye and must be viewed through use of a special scanner. Each AD/QA code is a unique identifier—a "license plate"—applied to the product's packaging, which enables L'Oréal to determine whether products are stolen, diverted or counterfeit on an item by item basis. When a relevant product lacks a genuine QA/AD code entirely, L'Oréal can confirm the product is counterfeit.  None of Defendant's Counterfeit Products bears a genuine covert or overt QA/AD code.

78.    Defendants' Counterfeit Products also contain slight variations in font, color, and label size on the primary (bottle) and secondary (box) packaging as compared to genuine SKINCEUTICALS products.  There are also material differences in the build quality and plastic and rubber components of the dispensers (bulb droppers) in each bottle.  Many of Defendant's Counterfeit Products also lacked the batch code found on genuine SKINCEUTICALS packaging; for those that did bear a batch code, the code could be smeared easily with one's fingertip, which is not the case with genuine SKINCEUTICALS products.  The color and odor of the counterfeit products were also noticeably distinct from their genuine counterparts, and in some cases the fill levels were different.  Some of these differences are observable in the representative images below:

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



*Counterfeit unit is missing overt AD/QA barcode; package coloring is different*



*Counterfeit unit is missing batch code*



*Font, coloring, and text placement is different on counterfeit unit*

- 21 -

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



*The embossing on the top of the box is not as bold, and is off center, on the counterfeit unit*



*On the counterfeit unit, the bulb dropper is not screwed on straight, has a matte finish, and is made of rubber materially different than the genuine unit; the counterfeit also has a slightly larger label and a distinct font for the fill weight, and a visibly different color*

 

*The color is visibly distinct between the counterfeit and the authentic products.*

COMPLAINT

1

2     79.    L'Oréal also confirmed, through third-party laboratory testing, that the

3  fluids in Defendants' Counterfeit Products have different formulations than genuine

4  SKINCEUTICALS products.  Specifically, Defendants' Counterfeit Products either

5  lack certain key ingredients entirely or had much lower (and thus less effective or

6  ineffective) amounts than are found in genuine SKINCEUTICALS products.

7     80.    Defendants' conduct is intentionally fraudulent, malicious, willful and

8  wanton.

9                       **FIRST CLAIM FOR RELIEF**
                 **FOR TRADEMARK COUNTERFEITING AND**
10              **INFRINGEMENT UNDER THE LANHAM ACT**
                          **(15 U.S.C. § 1114)**
11

12    81.    L'Oréal repeats and re-alleges each and every allegation set forth in

13  paragraphs 1 through 79 above, and incorporates them herein by reference.

14    82.    L'Oréal Creative owns federal trademark registrations for the

15  SKINCEUTICALS, SKINCEUTICALS HYDRATING $B_5$ GEL, C E FERULIC,

16  PHLORETIN CF, and PHYTO + marks in connection with skin care products.

17    83.    L'Oréal Creative's Registered Marks and the goodwill of the products

18  associated with them in the United States are of great and incalculable value, are

19  distinctive, and have become associated in the public mind with products of the

20  highest quality and reputation emanating from L'Oréal as their source.

21    84.    Defendants have used in commerce marks that are identical to, or

22  substantially indistinguishable from, or confusingly similar to L'Oréal Creative's

23  Registered Marks without L'Oréal's authorization. Defendants intentionally have

24  used such marks knowing them to be counterfeit.

25    85.    Defendants' unauthorized use of L'Oréal Creative's Registered Marks or

26  counterfeits, copies, reproductions, or imitations of L'Oréal Creative's Registered

27  Marks in connection with the sale and distribution of counterfeit skin care products is

28  likely to cause confusion, mistake or deception as to the source or sponsorship of

                                    - 23 -

COMPLAINT

Defendants' goods, and is likely to deceive the public into believing that Defendants' goods are sponsored, endorsed, or approved by, or are otherwise associated with, L'Oréal.

86.   Defendants' unauthorized use of L'Oréal Creative's Registered Marks or counterfeits, copies, reproductions, or imitations of L'Oréal Creative's Registered Marks falsely represents Defendants' goods as emanating from or being authorized by L'Oréal and places beyond L'Oréal's control the quality of goods offered and sold under the Registered Marks.

87.   Defendants' unauthorized use of L'Oréal Creative's Registered Marks or counterfeits, copies, reproductions, or imitations of L'Oréal Creative's Registered Marks is willful, deliberate and done with the intent to reap the benefit of L'Oréal's goodwill.

88.   Defendants' conduct constitutes trademark counterfeiting and infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and makes this an "exceptional case" under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

89.   L'Oréal is entitled to damages (including treble damages), costs, and attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

90.   Further, the aforesaid conduct of Defendants is causing irreparable injury to L'Oréal and to its goodwill and reputation, and will continue both to damage L'Oréal and to deceive the public unless enjoined by this Court. L'Oréal has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FOR UNFAIR COMPETITION UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(A))

91.   L'Oréal repeats and re-alleges each and every allegation set forth in paragraphs 1 through 89 above, and incorporates them herein by reference.

92.   Defendants' unauthorized use of L'Oréal Creative's Registered Marks and other indicia of L'Oréal's SKINCEUTICALS line of products in connection with

- 24 -

COMPLAINT

Defendants' goods constitutes unfair competition and a false designation of origin and false description or representation that L'Oréal certifies the legitimacy, quality and authenticity of such products, when in fact it does not, and is thereby likely to deceive the public.

93.   Defendants' unauthorized use of L'Oréal Creative's Registered Marks falsely represents that Defendants' goods are associated with L'Oréal when in fact they are not, and such use is thereby likely to deceive the public.

94.   Defendants' acts of unfair competition are willful and deliberate and committed with an intent to reap the benefit of the goodwill and reputation associated with L'Oréal Creative's Registered Marks.

95.   Defendants' conduct violates Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1) and makes this an "exceptional case" under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

96.   L'Oréal is entitled to damages (including treble damages), costs, and attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

97.   The aforesaid conduct of Defendants is causing irreparable injury to L'Oréal and to its goodwill and reputation, and will continue both to damage L'Oréal and to deceive the public unless enjoined by this Court. L'Oréal has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FOR STATE UNFAIR COMPETITION
### (Cal. Bus. Prof. Code § 17200 *et seq.*)

98.   L'Oréal repeats and re-alleges each and every allegation set forth in paragraphs 1 through 96 above, and incorporates them herein by reference.

99.   Defendants willfully have used in commerce marks that are identical to, or substantially indistinguishable from, or otherwise confusingly similar to L'Oréal Creative's Registered Marks without L'Oréal's authorization, which use falsely and unfairly represents Defendants' goods as emanating from or being authorized by L'Oréal and places beyond L'Oréal's control the quality of goods offered and sold

COMPLAINT

1   under the Registered Marks.

2     100. By promoting, distributing, offering for sale, and selling the counterfeit

3   goods, Defendants are engaging in unfair competition in violation of California

4   Business & Professions Code § 17200 *et seq.*

5     101. As a direct and proximate result of Defendants' unlawful conduct,

6   L'Oréal has suffered injury in fact, including damage to L'Oréal's goodwill and

7   consumer confusion between the counterfeit goods and L'Oréal's genuine products.

8     102. The aforesaid conduct of Defendants is causing irreparable injury to

9   L'Oréal and to its goodwill and reputation, and will continue both to damage L'Oréal

10   and to deceive the public unless enjoined by this Court. L'Oréal has no adequate

11   remedy at law and is entitled to injunctive relief pursuant to California Business &

12   Professions Code § 17203.

13   **FOURTH CLAIM FOR RELIEF**<br>**FOR TRADEMARK INFRINGEMENT AND UNFAIR**

14   **COMPETITION UNDER THE COMMON LAW**

15     103. L'Oréal repeats and re-alleges each and every allegation set forth in

16   paragraphs 1 through 101 above, and incorporates them herein by reference.

17     104. Defendants' unauthorized use of L'Oréal Creative's Registered Marks or

18   counterfeits, copies, reproductions, or imitations of L'Oréal Creative's Registered

19   Marks in connection with the sale and distribution of counterfeit skin care products is

20   likely to cause confusion, mistake or deception as to the source or sponsorship of

21   Defendants' goods, and is likely to deceive the public into believing that Defendants'

22   goods are sponsored, endorsed, or approved by, or are otherwise associated with,

23   L'Oréal.

24     105. Defendants' unauthorized use of L'Oréal Creative's Registered Marks or

25   counterfeits, copies, reproductions, or imitations of L'Oréal Creative's Registered

26   Marks is willful, deliberate and done with the intent to reap the benefit of L'Oréal's

27   goodwill.

28     106. Defendants' conduct constitutes trademark infringement and unfair

COMPLAINT

1  competition under the common law and has caused damage to L'Oréal for which

2  L'Oréal is entitled to a remedy, such remedy to include an accounting of Defendants'

3  profits and L'Oréal's costs of this action.

4      107.   Because Defendants' conduct is willful, fraudulent, and malicious, and

5  given the need to deter Defendants from engaging in similar conduct in future,

6  L'Oréal further is entitled to punitive damages pursuant to Cal. Civ. Code § 3294(a).

7                          **PRAYER FOR RELIEF**

8      **WHEREFORE**, L'Oréal prays for judgment as follows:

9      1.   That a temporary, preliminary and permanent injunction be issued

10  enjoining Defendants, and any employees, agents, servants, officers, representatives,

11  directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by

12  Defendants, and all those in active concert and participation with Defendants, and

13  each of them who receives notice directly or otherwise of such injunction from:

14          (a)   importing, exporting, manufacturing, producing, distributing,

15  circulating, selling, offering for sale, advertising, promoting or displaying any

16  counterfeit goods, and any other products that tend to deceive, mislead, or

17  confuse the public into believing that Defendants' products in any way

18  originate with, are sanctioned by, or are affiliated with L'Oréal;

19          (b)   imitating, copying, or making unauthorized use of L'Oréal

20  Creative's Registered Marks, L'Oréal's SKINCEUTICALS Marks, other

21  indicia of L'Oréal's SKINCEUTICALS line of products, or any other

22  trademarks or trade dress used by or associated with L'Oréal;

23          (c)   importing, exporting, manufacturing, producing, distributing,

24  circulating, selling, offering for sale, advertising, promoting or displaying any

25  product bearing any simulation, reproduction, counterfeit, copy or colorable

26  imitation of L'Oréal Creative's Registered Marks, L'Oréal's

27  SKINCEUTICALS Marks, other indicia of L'Oréal's SKINCEUTICALS line

28  of products, or any other trademarks or trade dress used by or associated with

COMPLAINT

L'Oréal;

(d)     using L'Oréal Creative's Registered Marks, L'Oréal's SKINCEUTICALS Marks, other indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or trade dress used by or associated with L'Oréal, and/or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to L'Oréal or to any goods sold, manufactured, sponsored, approved by or connected with L'Oréal;

(e)     using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any of Defendants is in any manner associated or connected with L'Oréal, or is sold, manufactured, licensed, sponsored, approved or authorized by L'Oréal;

(f)     engaging in any other activity constituting unfair competition with L'Oréal, or constituting infringement of L'Oréal Creative's Registered Marks;

(g)     withdrawing, transferring, removing, moving, concealing, or in any manner secreting any cash, accounts, financial assets, or physical assets relating in any way to any business or business activity of which the distribution of any merchandise bearing L'Oréal Creative's Registered Marks, L'Oréal's SKINCEUTICALS Marks, other indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or trade dress used by or associated with L'Oréal, and/or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, plays a material part;

(h)     disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any physical evidence, products, components of products, or documents (including computer records) of any

- 28 -

1   kind, including inventory, packaging, invoices, correspondence, books of

2   account, receipts or other documentation relating or referring in any manner to

3   the manufacture, advertising, receipt, acquisition, importation, purchase, sale,

4   offer for sale, and/or distribution of any merchandise bearing L'Oréal

5   Creative's Registered Marks, L'Oréal's SKINCEUTICALS Marks, other

6   indicia of L'Oréal's SKINCEUTICALS line of products, or any other

7   trademarks or trade dress used by or associated with L'Oréal, or any

8   simulation, reproduction, counterfeit, copy or colorable imitation thereof;

9        (i)    effecting assignments or transfers, forming new entities or

10   associations, or utilizing any other device for the purpose of circumventing or

11   otherwise avoiding the prohibitions set forth in subparagraphs (a) through (h)

12   above;

13        (j)    instructing, assisting, aiding or abetting any other person or entity

14   in engaging in or performing any of the activities referred to in subparagraphs

15   (a) through (i) above;

16   2.    Directing that Defendants make available to L'Oréal for review,

17   inspection and copying all books, records (including all hard drives on computers

18   used for business purposes, including servers, as well as all computer disks and back

19   up disks) and other documents and things concerning all transactions relating to the

20   purchase or sale of counterfeit goods or any other products or packaging

21   incorporating a simulation, reproduction, counterfeit, copy or colorable imitation of

22   L'Oréal Creative's Registered Marks, L'Oréal's SKINCEUTICALS Marks, other

23   indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or

24   trade dress used by or associated with L'Oréal; and provide to L'Oréal the names,

25   addresses and all other contact information in their possession (e.g., telephone

26   numbers, fax numbers) for the source(s) of such products and packaging, including

27   all manufacturers, distributors and/or suppliers;

28   3.    Directing that Defendants deliver to L'Oréal's counsel for destruction at

COMPLAINT

1   Defendants' costs all signs, products, components of products, liquids, gels, sera,

2   substances, packaging, promotional material, advertising material, catalogs and any

3   other item that bears, contains or incorporates L'Oréal Creative's Registered Marks,

4   L'Oréal's SKINCEUTICALS Marks, other indicia of L'Oréal's SKINCEUTICALS

5   line of products, or any other trademarks or trade dress used by or associated with

6   L'Oréal, and/or any simulation, reproduction, counterfeit, copy or colorable imitation

7   thereof;

8       4.     Directing that Defendants recall from all distributors, retailers or other

9   recipients any and all counterfeit goods as well as all other products and packaging

10  sold or distributed by Defendants under or in connection with L'Oréal Creative's

11  Registered Marks, L'Oréal's SKINCEUTICALS Marks, other indicia of L'Oréal's

12  SKINCEUTICALS line of products, or any other trademarks or trade dress used by or

13  associated with L'Oréal, or any simulation, reproduction, counterfeit, copy or

14  colorable imitation thereof, and, upon recall, to deliver such goods up to L'Oréal's

15  counsel for destruction at Defendants' cost;

16      5.     Awarding L'Oréal its actual damages, trebled pursuant to 15 U.S.C. §

17  1117(a) and (b), arising out of Defendants' willful and unlawful acts, and requiring

18  Defendants to account for and pay over to L'Oréal three times the profits realized by

19  Defendants from their infringement of L'Oréal Creative's Registered Marks and their

20  unfair competition with L'Oréal; or, in the alternative and at L'Oréal's election,

21  awarding L'Oréal statutory damages pursuant to 15 U.S.C. § 1117(c); and awarding

22  L'Oréal such of the foregoing measures of damage as are authorized by California

23  Business & Professions Code § 14250;

24      6.     Awarding L'Oréal punitive damages pursuant to Cal. Civ. Code §

25  3294(a);

26      7.     Awarding L'Oréal interest, including pre-judgment interest, on the

27  foregoing sums;

28      8.     Awarding L'Oréal its costs of this action, including its reasonable

COMPLAINT

attorneys' fees and expenses pursuant to 15 U.S.C. § 1117(a);

9.     Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods offered, advertised or promoted by or on behalf of Defendants are authorized by L'Oréal or related in any way to products sold under L'Oréal Creative's Registered Marks or L'Oréal's SKINCEUTICALS Marks or are the same as, or equivalent or comparable to, L'Oréal's SKINCEUTICALS line of products;

10.     Directing that Defendants file with the Court and serve upon L'Oréal's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above; and

11.     Awarding L'Oréal such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

L'Oréal respectfully demands a trial by jury on all claims and issues so triable.

///
///
///
///
///
///
///
///
///
///
///
///

- 31 -

1  DATED:  November  21, 2016        Respectfully submitted,

2                                                    KILPATRICK TOWNSEND &
                                                      STOCKTON LLP
3

4                                                    By: _____

5                                                    David K. Caplan (Bar No. 181174)
                                                      *dcaplan@kilpatricktownsend.com*
6                                                    Caroline Y. Barbee (Bar No. 239343)
                                                      *cbarbee@kilpatricktownsend.com*
7                                                    9720 Wilshire Blvd, Penthouse Suite
                                                      Beverly Hills, California  90212
8                                                    Telephone:   (310) 248-3830
                                                      Facsimile:    (310) 860-0363
9
                                                      Robert Potter (*Pro Hac Vice*
10                                                   Application Pending)
                                                      *rpotter@kilpatricktownsend.com*
11                                                   Olivia Harris (*Pro Hac Vice*
                                                      Application Pending)
12                                                   *oharris@kilpatricktownsend.com*
                                                      Kilpatrick Townsend & Stockton LLP
13                                                   The Grace Building
                                                      1114 Avenue of the Americas
14                                                   New York, New York  10036
                                                      Telephone:   (212) 775-8700
15                                                   Facsimile:    (212) 775-8800

16                                                   *Attorneys for Plaintiff*

17

18

19

20  US2008 11976222 13

21

22

23

24

25

26

27

28

- 32 -

COMPLAINT

# EXHIBIT A

 **United States Patent and Trademark Office**

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 17 03:31:43 EST 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | **( Use the "Back" button of the Internet Browser to return to TESS)**

# Typed Drawing

| | |
|---|---|
| **Word Mark** | SKINCEUTICALS |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: wrinkle removing skin care preparations; skin cream; skin moisturizer; eye gel; facial mask; sunscreen; skin cleanser, skin toner, and night cream. FIRST USE: 19970317. FIRST USE IN COMMERCE: 19970317. |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75240132 |
| **Filing Date** | February 11, 1997 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 17, 1998 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 2156487 |
| **Registration Date** | May 12, 1998 |
| **Owner** | (REGISTRANT) SKINCEUTICALS, INC. CORPORATION TEXAS 12150 SHILOH ROAD SUITE 104 DALLAS TEXAS 75228 |
| | (LAST LISTED OWNER) L'OREAL USA CREATIVE, INC. CORPORATION DELAWARE 10 Hudson Yards New York NEW YORK 10001 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Lisa M. Gigliotti |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20070706. |

EXHIBIT A
33

| **Renewal** | 1ST RENEWAL 20070706 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT A
34

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,156,487

Registered May 12, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## SKINCEUTICALS

CELLEX-C DISTRIBUTION COMPANY (TEXAS CORPORATION)
12150 SHILOH ROAD, SUITE 104
DALLAS, TX 75228

FOR: WRINKLE REMOVING SKIN CARE PREPARATIONS; SKIN CREAM; SKIN MOISTURIZER; EYE GEL; FACIAL MASK; SUNSCREEN; SKIN CLEANSER, SKIN TONER, AND NIGHT CREAM , IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 3-17-1997; IN COMMERCE 3-17-1997.

SER. NO. 75-240,132, FILED 2-11-1997.

GERALD C. SEEGARS, EXAMINING ATTORNEY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Nov 17 03:31:43 EST 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# SKINCEUTICALS HYDRATING B₅ GEL

| | |
|---|---|
| Word Mark | SKINCEUTICALS HYDRATING B5 GEL |
| Goods and Services | IC 003. US 001 004 006 050 051 052. G & S: NON-MEDICATED SKIN CARE PREPARATIONS. FIRST USE: 20040102. FIRST USE IN COMMERCE: 20040102 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 76563842 |
| Filing Date | November 17, 2003 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | December 14, 2004 |
| Registration Number | **2930299** |
| Registration Date | March 8, 2005 |
| Owner | (REGISTRANT) SKINCEUTICALS, INC. CORPORATION DELAWARE 3402 Miller Road Garland TEXAS 75041 |
| | (LAST LISTED OWNER) L'OREAL USA CREATIVE, INC. CORPORATION DELAWARE 10 Hudson Yards New York NEW YORK 10001 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Lisa M. Gigliotti |
| Prior Registrations | 2156487 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE HYDRATING B5 GEL APART FROM THE MARK AS SHOWN |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |

EXHIBIT A
36

| | |
|---|---|
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20140513. |
| **Renewal** | 1ST RENEWAL 20140513 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |
|---|---|---|---|---|---|---|---|

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT A
37

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 2,930,299

Registered Mar. 8, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## SKINCEUTICALS HYDRATING B$_5$ GEL

SKINCEUTICALS, INC. (DELAWARE CORPORA-
TION)
3402 MILLER ROAD
GARLAND, TX 75041

    FOR: NON-MEDICATED SKIN CARE PREPARA-
TIONS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

    FIRST USE 1-2-2004; IN COMMERCE 1-2-2004.

    THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,156,487.

    NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE HYDRATING B5 GEL, APART
FROM THE MARK AS SHOWN.

    SER. NO. 76-563,842, FILED 11-17-2003.

SHARON MEIER, EXAMINING ATTORNEY

EXHIBIT A
38



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 17 03:31:43 EST 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# C E FERULIC

| | |
|---|---|
| **Word Mark** | C E FERULIC |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Facial serum. FIRST USE: 20050215. FIRST USE IN COMMERCE: 20050215 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Trademark Search Facility Classification Code** | LETS-2 CE Two letters or combinations of multiples of two letters SHAPES-MISC Miscellaneous shaped designs |
| **Serial Number** | 76688456 |
| **Filing Date** | April 7, 2008 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 24, 2008 |
| **Registration Number** | 3497589 |
| **Registration Date** | September 9, 2008 |
| **Owner** | (REGISTRANT) L'Oreal USA Creative, Inc. CORPORATION DELAWARE 10 Hudson Yards New York NEW YORK 10001 |
| **Attorney of Record** | Lisa M. Gigliotti |
| **Prior Registrations** | 3185073 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

EXHIBIT A
39

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,497,589

Registered Sep. 9, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# C E FERULIC

L'OREAL USA CREATIVE, INC. (DELAWARE CORPORATION)

575 FIFTH AVENUE

NEW YORK, NY 10017

    FOR: FACIAL SERUM, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

    FIRST USE 2-15-2005; IN COMMERCE 2-15-2005.

    THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

    OWNER OF U.S. REG. NO. 3,185,073.

    SEC. 2(F).

    SER. NO. 76-688,456, FILED 4-7-2008.

HENRY S. ZAK, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 17 03:31:43 EST 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# PHLORETIN CF

| | |
|---|---|
| **Word Mark** | PHLORETIN CF |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Non-medicated skincare preparations. FIRST USE: 20080601. FIRST USE IN COMMERCE: 20080601 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Trademark Search Facility Classification Code** | LETS-2 CF Two letters or combinations of multiples of two letters |
| **Serial Number** | 77274070 |
| **Filing Date** | September 7, 2007 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | December 2, 2008 |
| **Registration Number** | 3574640 |
| **Registration Date** | February 17, 2009 |
| **Owner** | (REGISTRANT) L'Oreal USA Creative, Inc. CORPORATION DELAWARE 10 Hudson Yards New York NEW YORK 10001 |
| **Attorney of Record** | Lisa M. Gigliotti |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PHLORETIN" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |

EXHIBIT A
42

| | |
|---|---|
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |
|---|---|---|---|---|---|---|---|

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT A

43

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

United States Patent and Trademark Office

Reg. No. 3,574,640

Registered Feb. 17, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# PHLORETIN CF

L'OREAL USA CREATIVE, INC. (DELAWARE CORPORATION)

575 FIFTH AVENUE

NEW YORK, NY 10017

FOR: NON-MEDICATED SKINCARE PREPARA-TIONS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6-1-2008; IN COMMERCE 6-1-2008.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PHLORETIN", APART FROM THE MARK AS SHOWN.

SER. NO. 77-274,070, FILED 9-7-2007.

SANI KHOURI, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Nov 17 03:31:43 EST 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# PHYTO +

| | |
|---|---|
| **Word Mark** | PHYTO + |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Non-medicated skincare preparation. FIRST USE: 20040100. USED IN ANOTHER FORM The mark was first used anywhere in a different form other than that sought to be registered at least as early as 09/28/1999. FIRST USE IN COMMERCE: 20040100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85311095 |
| **Filing Date** | May 3, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 20, 2011 |
| **Registration Number** | **4067122** |
| **Registration Date** | December 6, 2011 |
| **Owner** | (REGISTRANT) L'Oreal USA Creative, Inc. CORPORATION DELAWARE 575 Fifth Avenue New York NEW YORK 10017 |
| **Attorney of Record** | Lisa M. Gigliotti |
| **Prior Registrations** | 2945671 |
| **Type of Mark** | TRADEMARK |

EXHIBIT A
45

| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT A
46



# PHYTO +

**Reg. No. 4,067,122**
**Registered Dec. 6, 2011**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

L'OREAL USA CREATIVE, INC. (DELAWARE CORPORATION)
575 FIFTH AVENUE
NEW YORK, NY 10017

FOR: NON-MEDICATED SKINCARE PREPARATION, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 1-0-2004, THE MARK WAS FIRST USED ANYWHERE IN A DIFFERENT FORM OTHER THAN THAT SOUGHT TO BE REGISTERED AT LEAST AS EARLY AS 09/28/1999; IN COMMERCE 1-0-2004, THE MARK WAS FIRST USED IN COMMERCE IN A DIFFERENT FORM OTHER THAN THAT SOUGHT TO BE REGISTERED AT LEAST AS EARLY AS 09/28/1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,945,671.

SER. NO. 85-311,095, FILED 5-3-2011.

ELIZABETH HUGHITT, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT A
47