| | |
|---|---|
| 1 | KILPATRICK TOWNSEND & STOCKTON LLP |
| | DAVID K. CAPLAN (Bar No. 181174) |
| 2 | *dcaplan@kilpatricktownsend.com* |
| | CAROLINE Y. BARBEE (Bar No. 239343) |
| 3 | *cbarbee@kilpatricktownsend.com* |
| | 9720 Wilshire Blvd, Penthouse Suite |
| 4 | Beverly Hills, California 90212 |
| | Telephone: (310) 248-3830 |
| 5 | Facsimile: (310) 860-0363 |

KILPATRICK TOWNSEND & STOCKTON LLP
ROBERT POTTER (Admitted *Pro Hac Vice*)
*rpotter@kilpatricktownsend.com*
OLIVIA HARRIS (Admitted *Pro Hac Vice*)
*oharris@kilpatricktownsend.com*
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

Attorneys for Plaintiffs
L'ORÉAL USA CREATIVE, INC. and
L'ORÉAL USA, INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| L'ORÉAL USA CREATIVE, INC. and **L'ORÉAL USA, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **MAGGY TSUI**, individually and d/b/a **MADAMESKINCARE**; **LOUIS LIN**, individually and d/b/a **SKINCARE3**; **MICHAEL LEE**, individually and d/b/a **SAKURAMARKET**; **TERESA TSAI** and **AARON LI**, individually and d/b/a **TREASURESGALORE45**; **MICHAEL LEE**, **AKINA MUKAI**, and **MAGGIE TSUI**, individually and d/b/a **GRASSLIMA**, and **DOES 1-10** acting in concert with them, <br><br> Defendants. | CASE NO.: 2:16-cv-08673 FMO (FFMx) <br><br> **FINAL JUDGMENT UPON CONSENT AS TO DEFENDANTS LOUIS LIN, INDIVIDUALLY AND D/B/A SKINCARE3, MICHAEL LEE, INDIVIDUALLY AND D/B/A SAKURAMARKET AND/OR GRASSLIMA, AND TERESA TSAI, INDIVIDUALLY AND D/B/A TREASURESGALORE45** |

Plaintiffs L'Oréal USA Creative, Inc. ("L'Oréal Creative") and L'Oréal USA, Inc. ("L'Oréal USA") (collectively, "Plaintiffs"), having filed a Complaint and First Amended Complaint in this Action charging Defendants Louis Lin, individually and d/b/a Skincare3, Michael Lee, individually and d/b/a Sakuramarket and/or Grasslima, and Teresa Tsai, individually and d/b/a TreasuresGalore45 (collectively, "Stipulating Defendants") (Plaintiffs and Stipulating Defendants collectively, the "Parties"), *inter alia*, with Federal Trademark Counterfeiting and Infringement, Federal Unfair Competition, State Unfair Competition, and Common Law Trademark Infringement and Unfair Competition, and the Parties desiring to settle the controversy between them, it is by Stipulation:

**ORDERED, ADJUDGED AND DECREED** as between the Parties hereto that:

1. The United States District Court for the Central District of California has subject matter jurisdiction over this Action and personal jurisdiction over Stipulating Defendants for the purposes of this Action.

2. Stipulating Defendants were each properly and timely served with a copy of Plaintiffs' First Amended Complaint in this Action.

3. Plaintiffs own many intellectual property rights for their SKINCEUTICALS line of products, including without limitation all common law trademark rights in L'Oréal Creative's registered SKINCEUTICALS trademark, as well as other trademarks and trade dress appearing on and/or used in connection with the marketing and promotion of Plaintiffs' SKINCEUTICALS line of products, including without limitation the following registered trademarks: SKINCEUTICALS®, C E FERULIC®, PHLORETIN CF®, PHYTO +®, and SKINCEUTICALS HYDRATING B5 GEL® (collectively, the "SKINCEUTICALS Marks").

4. L'Oréal Creative owns all federal trademark rights in its registrations for the SKINCEUTICALS Marks, including without limitation U.S. Trademark Reg.

Nos. 2,156,487 (SKINCEUTICALS); 2,930,299 (SKINCEUTICALS HYDRATING B5 GEL); 3,497,589 (C E FERULIC); 3,574,640 (PHLORETIN CF); and 4,067,122 (PHYTO +) (collectively, the "Registered Marks").

5. Stipulating Defendants promoted, distributed, offered for sale, and sold goods, identical in type to those listed in L'Oréal Creative's registrations for its Registered Marks, bearing trademarks and other indicia that are identical to, substantially indistinguishable from, or otherwise confusingly similar to its Registered Marks (the "Counterfeit Goods").

6. Stipulating Defendants' Counterfeit Goods have not been manufactured, licensed, authorized, sponsored, endorsed, or approved by Plaintiffs, and the Stipulating Defendants are not associated, affiliated, or connected with Plaintiffs, or licensed, authorized, sponsored, endorsed, or approved by Plaintiffs in any way.

7. Stipulating Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Stipulating Defendants, and all those in active concert and participation with Stipulating Defendants, and each of them who receives notice directly or otherwise of such injunction are permanently enjoined and restrained from

    a) importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any Counterfeit Goods, and any other products that tend to deceive, mislead, or confuse the public into believing that Stipulating Defendants' products in any way originate with, are sanctioned by, or are affiliated with L'Oréal;

    b) imitating, copying, or making unauthorized use of L'Oréal Creative's Registered Marks, other indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or trade dress used by or associated with L'Oréal;

    c) importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation

of L'Oréal Creative's Registered Marks, other indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or trade dress used by or associated with L'Oréal;

        d) using L'Oréal Creative's Registered Marks, other indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or trade dress used by or associated with L'Oréal, and/or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to L'Oréal or to any goods sold, manufactured, sponsored, approved by or connected with L'Oréal;

        e) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any of Stipulating Defendants is in any manner associated or connected with L'Oréal, or is sold, manufactured, licensed, sponsored, approved or authorized by L'Oréal;

        f) engaging in any other activity constituting unfair competition with L'Oréal, or constituting infringement and/or counterfeiting of L'Oréal Creative's Registered Marks;

        g) forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f) above; and

        h) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

    8. Stipulating Defendants shall, within thirty (30) days of the Court's entry of this Judgment:

1      ~~a) make available to L'Oréal for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents and things concerning all transactions relating to the purchase or sale of Counterfeit Goods or any other products or packaging incorporating a simulation, reproduction, counterfeit, copy or colorable imitation of L'Oréal Creative's Registered Marks, other indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or trade dress used by or associated with L'Oréal; and provide to L'Oréal the names, addresses and all other contact information in their possession (e.g., telephone numbers, fax numbers) for the source(s) of such products and packaging, including all manufacturers, distributors and/or suppliers;~~

b) deliver to L'Oréal's counsel for destruction ~~at Stipulating Defendants' costs~~ any and all Counterfeit Goods, as well as all signs, products, components of products, liquids, gels, sera, substances, packaging, promotional material, advertising material, catalogs and any other item that bears, contains or incorporates L'Oréal Creative's Registered Marks, other indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or trade dress used by or associated with L'Oréal, and/or any simulation, reproduction, counterfeit, copy or colorable imitation thereof;

~~c) recall from all distributors, retailers or other recipients any and all Counterfeit Goods as well as all other products and packaging sold or distributed by Stipulating Defendants under or in connection with L'Oréal Creative's Registered Marks, other indicia of L'Oréal's SKINCEUTICALS line of products, or any other trademarks or trade dress used by or associated with L'Oréal, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and, upon recall, deliver such goods up to L'Oréal's counsel for destruction at Stipulating Defendants' cost; and~~

1    ~~d) file with the Court and serve upon L'Oréal's counsel a report in~~
2    ~~writing under oath setting forth in detail the manner and form in which Stipulating~~
3    ~~Defendants have complied with subparagraphs (a) through (c) above.~~

4    9.   Any products turned over to Plaintiffs' counsel by Stipulating Defendants may be destroyed ~~at Stipulating Defendants' expense~~ and/or disposed of at Plaintiffs' judgment and in such manner as Plaintiffs deem appropriate.

~~10.   Upon receipt of any subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, Stipulating Defendants shall cooperate in good faith with Plaintiffs in pursuing the source(s) of any Counterfeit Goods by supplying necessary, reasonable, and relevant documents, information and/or testimony.~~

11.   Stipulating Defendants shall notify Plaintiffs' counsel on an ongoing basis of any Counterfeit Goods they may be offered or receive. Such notification shall be made within fifteen (15) business days of Stipulating Defendants' learning that they have been offered or have received such product. No liability shall attach to Stipulating Defendants in connection with their timely identification of any Counterfeit Goods pursuant to this provision, provided Stipulating Defendants are otherwise in compliance with the terms of this Judgment and the Parties' settlement agreement (the "Agreement").

12.   Pursuant to the terms of the Agreement, this Judgment is hereby entered in favor of Plaintiffs against Stipulating Defendants. Each party is to bear its own fees and costs unless the Agreement provides otherwise.

13.   This Court retains jurisdiction to enforce the terms of this Judgment ~~and the Agreement~~, should that be necessary.

14.   This Judgment shall be deemed to have been served upon the Parties at the time of its execution by the Court.

~~15.   The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil~~

~~Procedure, the Court directs entry of judgment against Stipulating Defendants as specified herein~~

Dated: May 31, 2017 _____/s/_____
Hon. Fernando M. Olguin
United States District Judge